Citation Nr: 1743991 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 14-32 880 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a low back disability. 


ATTORNEY FOR THE BOARD

Sara Schinnerer, Counsel 


INTRODUCTION

The Veteran had active service in the United States Army from September 1952 to September 1954.

This appeal comes before the Board of Veterans' Appeals (Board) on appeal from a July 2013 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. In the decision, entitlement to service connection for a low back disability was denied. The Veteran appealed the underlying decision in a Notice of Disagreement received in August 2013. Thereafter, jurisdiction of the case was transferred to the RO in Chicago, Illinois.

Although the Statement of the Case addressed the Veteran's disagreement with the denial of entitlement to a compensatory evaluation for the service-connected right inguinal hernia, the Veteran specifically limited his VA Form 9, substantive appeal, to the issue of service connection addressed herein. 

The record before the Board consists solely of the Veteran's electronic records within Virtual VA and the Veterans Benefits Management System (VBMS). 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required on his part.


REMAND

The Veteran contends that his current low back disorder is due to active service; specifically, he asserts that he fell during basic training and suffered a hernia and low back sprain. The Veteran further asserts that he was treated for these injuries at Camp Stoneman located in California. At the outset, the Board notes that these records have been determined to be unavailable. In the alternative, the Veteran contends that his current low back disorder is due to his service-connected right inguinal hernia disability. 

The Veteran's available service treatment record, namely the September 1954 separation physical examination, is negative for complaints, treatment, or a diagnosis of a low back disorder. 

Post-service private treatment records include a December 1994 record from T.G., M.D. that notes the Veteran was a patient since 1987, and has been treated for chronic subluxation at L4 three to five times per year. Records dated in 1999 through 2006 demonstrate the Veteran sought consistent treatment for chronic low back pain with radiating pain to the feet. VA outpatient treatment records dated in 2000, 2003, and 2011 note the Veteran's report of chronic low back pain. In a November 2011 VA record, the Veteran reiterated that he has experienced low back pain since a training exercise in active service. He reported that he underwent manipulation, physical therapy, as well as took pain medication; however, he did not experience any relief; the examiner noted restricted range of motion and a positive Kemp's test at L4-L5. The assessment was chronic back pain due to injury in service. A VA record dated in September 2013 notes the Veteran was recently discharged from a medical facility; however, while there he was treated for a fractured back. 

In light of the Veteran's complaints and the aforementioned treatment records which demonstrate a current fractured low back disability and an in-service fall that resulted in his service-connected right inguinal hernia disability, the Board finds this information sufficient to trigger VA's duty to develop medical-nexus evidence in connection with the Veteran's claim of service connection for a low back disability. See McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

In addition, in a July 3013 correspondence, the Veteran asserted that he was recently hospitalized for his claimed low back disability for three days at a hospital located in Danville, Illinois. However, records of that treatment have not been obtained. As the aforementioned private treatment records are potentially relevant to the claim, further development to obtain these records is in order. 38 C.F.R. § 3.159 (c)(1) (2016).

Accordingly, the case is REMANDED to the RO or the Appeals Management Center (AMC), in Washington, D.C., for the following actions:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should undertake appropriate
development to obtain any outstanding records pertinent to the Veteran's claim, to include private records from a hospital located in Danville, Illinois for the period of the claim. If any requested records are unavailable, or the search for such records otherwise yields negative results, that fact should clearly be documented in the record and the Veteran so notified in accordance with 38 C.F.R. § 3.159(e).

2. The AOJ should contact the Veteran and notify him that he may identify a new representative if he so desires. 

3. The Veteran should be provided an examination by a physician with sufficient expertise to address the etiology of the Veteran's low back disorder(s). All pertinent evidence of record must be made available to and reviewed by the VA examiner. The examiner must assume the Veteran is competent when reporting on an in-service fall he experienced during active duty. 

Based on the review of the record and the examination results, the examiner should identify all low back disorders that have been present during the period of the claim. With respect to each such disorder, the physician should state a medical opinion as to whether it is at least as likely as not (i.e., at least 50 percent probable) that the disorder originated during service or is otherwise etiologically related to the Veteran's service. 

The examiner should also state an opinion with respect to each low back disorder present during the period of the claim as to whether there is a 50 percent or better probability that the disorder was caused or permanently worsened by Veteran's service-connected right inguinal hernia disability. 

If the physician believes that a low back disorder was permanently worsened by the right inguinal hernia disability, the physician should attempt to identify the baseline level of disability that existed prior to the onset of aggravation and the extent of disability that is attributable to aggravation.

The supporting rationale for all opinions expressed must be provided. If the physician is unable to provide any required opinion, he or she should explain why the required opinion cannot be provided. If the physician cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the physician should identify the additional information that is needed. 

4. The AOJ should also undertake any additional development deemed necessary.

5. Then, the AOJ should readjudicate the Veteran's claim. If any benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran should be provided with a Supplemental Statement of the Case and afforded the requisite opportunity to respond before the case is returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.
The Veteran need take no action until otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
G. A. Wasik
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).